UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

KEITH and PAULA PHILLIPS

       Plaintiffs,               Civil Action No. 15-14082
                                 Honorable Linda V. Parker
             v.               Magistrate Judge Elizabeth A. Stafford

RANDALL S. MILLER & ASSOCIATES, *et al.*,

       Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT
SABAUGH'S MOTION TO DISMISS [R. 4]**

**I.    INTRODUCTION**

Plaintiffs Keith and Paula Phillips have filed suit based on Bank of
America, N.A.'s ("BoA") allegedly wrongful foreclosure of their property
located at 2401 Cardigan Court, Warren, Michigan 48091. [R. 1]. The case
was referred to this Court for all pretrial proceedings. [R. 11].  Plaintiffs sue
(among others) Defendant Carmella Sabaugh, Clerk of the Macomb
County Circuit Court, under 42 U.S.C. §1983, accusing her of violating their
rights to due process by failing to serve a judgment of possession on them
at their attorney's correct address. [*Id.*, PgID 10-11, 16-17]. Sabaugh
moves to dismiss the case based on Eleventh Amendment immunity,
quasi-judicial immunity, qualified immunity, and failure to state a claim. [R.

4]. The Court agrees that the claims against Sabaugh are barred, and
**RECOMMENDS** her motion to dismiss be **GRANTED**.

## II.    BACKGROUND

The relevant facts as alleged by plaintiffs are as follows: In June
2003, Keith Phillips refinanced the subject property with a mortgage
through BoA. [R. 1, PgID 3]. At a later unspecified time, he fell behind on
the mortgage payments and BoA agreed to a short sale of the property to a
third party for $28,000. [*Id.*, PgID 4]. In May 2013, BoA moved to evict
plaintiffs from the property in the 37th District Court of Michigan. [*Id.*]. A
stipulated order was then entered to stay the proceedings of that case
pending the outcome of a federal class action case involving the plaintiffs
and BoA. [*Id.*]. With the stay still in place, and without notice to plaintiffs,
BoA was able to wrongfully obtain a default judgment against plaintiffs in
the eviction matter. [*Id.*, PgID 5]. Upon learning of the default judgment,
plaintiffs filed a motion for reconsideration in the 37th District Court. [*Id.*].
The motion was set for hearing on November 5, 2014, but neither plaintiffs
nor their attorney were notified of the hearing date because it was sent to
the wrong address for the attorney. [*Id.*]. The court denied the motion for
reconsideration because no one appeared on behalf of plaintiffs at the
hearing, and plaintiffs appealed. [*Id.*].

2

Plaintiffs were able to obtain a stay on the eviction by filing for Chapter 13 bankruptcy, and they later filed with the 37th District Court an "Emergency Ex-Parte Motion for Stay of Eviction Pending Appeal," which was granted in March 2015. [*Id.*, PgID 6-10]. The appeal was later argued before the Macomb County Circuit Court, which decided in August 2015 in favor of BoA and against plaintiffs. [*Id.*, PgID 10]. Notice of this decision was once again sent to the incorrect address for plaintiffs' attorney, this time by Sabaugh, and plaintiffs only discovered the outcome of the appeal in mid-October due to an eviction order posted at the subject property. [*Id.*]. Plaintiffs allege that the address error was due to a dispute between the Macomb County Circuit Court and "a software developer and/or the State Bar of Michigan with regard to the current list of attorneys contained in the Michigan Bar Journal." [*Id.*, PgID 14].

Plaintiffs' sole claim against Sabaugh is as follows:

By failing to serve Plaintiffs and/or their counsel with the August 25, 2015 Opinion and Order and/or by sending it to the incorrect address, Defendant Sabaugh violated MCR 8.105 and 2.107 and further violated Plaintiffs' constitutional right to notice.

[R. 1, PgID 18].

For the reasons stated below, the Court recommends that plaintiffs' claims against Sabaugh be dismissed.

3

### III.    ANALYSIS

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency. Although the federal rules only require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *see* Rule 8(a)(2), the statement of the claim must be plausible. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). As the *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff

4

and accept as true all well-pleaded factual allegations. *Id.*; *see also*
*Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### a. Eleventh Amendment Immunity

Sabaugh argues that Eleventh Amendment immunity applies to
plaintiff's claims against her in her official capacity. A lawsuit against a state
official in her official capacity is equivalent to a suit against the state.
*Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996). Absent clear
abrogation of a state's immunity pursuant to a valid exercise of power, a
state may not be sued without its consent. *Id.*

In their response, plaintiffs state that they intended only to sue
Sabaugh in her individual capacity, and offer to amend the complaint to
provide that clarification.  To the extent that the complaint contains claims
against Sabaugh in her official capacity, such claims should be dismissed.

### b. Quasi-Judicial Immunity

Sabaugh contends that the suit against her is barred by the doctrine
of quasi-judicial immunity, which is a doctrine that applies to officials who
are sued in their individual or personal capacities. *Alkire v. Irving*, 330 F.3d
802, 810-11 (6th Cir. 2003). "[A]bsolute judicial immunity has been
extended to non-judicial officers who perform 'quasi-judicial' duties. Quasi-
judicial immunity extends to those persons performing tasks so integral or

intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir. 1994) (citations omitted) (finding that quasi-judicial immunity applied to a probate court administrator while he carried out orders of the court).

Courts must use a "functional" approach to determine whether quasi-judicial immunity applies, looking "to the nature of the function performed, not the identity of the actor who performed it." *Id.* (citations and internal quotation marks omitted). "The processing of court papers is, in general, a quasi-judicial function." *Anthony v. Sabaugh*, No. 13-CV-12264, 2013 WL 4747344, at \*1 (E.D. Mich. Sept. 4, 2013).  Of further import, quasi-judicial immunity applies to judicial employees' performance of their duties "[w]hether or not they committed any errors . . . ."   *Wojnicz v. Davis,* 80 Fed. Appx. 382, 384 (6th Cir. 2003).

Under these rules, quasi-judicial immunity has been repeatedly extended to court clerks. *See Anthony,* 2013 WL 4747344 (E.D. Mich. Sept. 4, 2013) (ruling that clerk was entitled to quasi-judicial immunity for failure to docket plaintiff's request for appellate counsel); *Wojnicz,* 80 Fed. Appx. at 383-84 (finding that Michigan Supreme Court Clerk was entitled to quasi-judicial immunity when rejecting a habeas petition that violated court

6

rules); *Lyle v. Jackson,* 49 Fed. Appx. 492, 494 (6th Cir. 2002) (quasi-judicial immunity applied to court clerks for failure to provide plaintiff with copies of previous filings and transcripts); *Harris v. Suter,* 3 Fed. Appx. 365, 366 (6th Cir. 2001) (United States Supreme Court Clerk who refused to file writ of certiorari that failed to comply with court rules entitled to quasi-judicial immunity).

Plaintiffs argue that Sabaugh is not entitled to quasi-judicial immunity for her alleged failure to send the notice to the correct address because it was a ministerial function as opposed to a discretionary one.  But when applying quasi-judicial immunity, the Sixth Circuit held that "[w]hether an act is judicial in character does not depend on whether it is discretionary." *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988). "The fact that the court clerk's action did not require discretion or judgment on her part does not change its judicial character."  *Huffer v. Bogen*, 503 Fed. Appx. 455, 461 (6th Cir. 2012).[1]

Here, Sabaugh was executing the clerical function of serving papers pursuant to Michigan Court Rule 2.107(C); it was a function that was

---

[1] In *Scott v. Evans*, No. 01-10274-BC, 2006 WL 508691 (E.D. Mich. Mar. 1, 2006), a district judge found that quasi-immunity did not apply to the exercise of a ministerial act.  However, as a published Sixth Circuit opinion, *Foster* is binding. *Grundy Mining Co. v. Flynn*, 353 F.3d 467, 479 (6th Cir. 2003).

"integral or intertwined with the judicial process." *Bush,* 38 F.3d at 847.

Whether or not she committed errors in the performance of that function,

quasi-judicial immunity applies. *Wojnicz,* 80 Fed. Appx. at 384.

### c.  Failure to State a Claim and Qualified Immunity

Sabaugh is also entitled to qualified immunity, as plaintiffs have failed

to show that she violated a clearly established constitutional right.

Determining the applicability of qualified immunity requires a two-step

inquiry into whether the facts, when viewed in the light most favorable to

the plaintiff, would permit a reasonable juror to find that: (1) the defendant

violated a constitutional right; and (2) the right was clearly established.

*Estate of Carter v. City of Detroit,* 408 F.3d 305, 311 (6th Cir. 2005). "A

clearly established constitutional violation requires on-point, controlling

authority or a robust consensus of cases of persuasive authority." *Ortega v.*

*U.S. Immigration and Customs Enforcement,* 737 F.3d 435, 439 (6th Cir.

2013). In the Sixth Circuit, a constitutional violation is established by

binding precedent from the Supreme Court or this circuit, and a court

should look beyond those precedents only in extraordinary cases. *Walton*

*v. City of Southfield,* 995 F.2d 1331, 1336 (6th Cir. 1993) *superseded by*

*statute on other grounds as stated in Livermore ex rel. Rohm v. Lubelan,*

476 F.3d 397, 407-08 (6th Cir. 2007).

8

"The burden of convincing a court that the law was clearly established 'rests squarely with the plaintiff.'" *Key v. Grayson,* 179 F.3d 996, 1000 (6th Cir. 1999) (quoting *Cope v. Heltsley,* 128 F.3d 452, 459 (6th Cir. 1997)). This analysis is not rigid and inflexible, and a court may begin and end its inquiry with an analysis of the "clearly established" prong if this would lead to a conservation of judicial resources. *Pearson v. Callahan,* 555 U.S. 223 (2009). Here, Sabaugh is entitled to qualified immunity because the constitutional right she is alleged to have violated is not clearly established as law.

Plaintiffs assert that "the violation concerned [their] procedural due process right to notice," and that "this fundamental principle of our jurisprudence is a right that every reasonable person, and certainly an individual employed as a county clerk, would know." [R. 10, PgID 288]. But clearly established law cannot be defined at such a high level of generality. *Ashcroft v. al–Kidd,* 563 U.S. 731, 742 (2011). "The dispositive question is whether the violative nature of *particular* conduct is clearly established." *Mullenix v. Luna*, 577 U.S. ___, 136 S. Ct. 305, 308 (2015) (internal quotation marks and citation omitted). Plaintiffs do not cite to any authority for their proposition, much less any authority that having one's mail properly addressed by a clerk of the court is a clearly established right.

9

Plaintiffs attempt to base their § 1983 claim against Sabaugh on what amounts to an allegation of negligence. "[I]njury caused by negligence does not constitute a 'deprivation' of any constitutionally protected interest." *Lewellen v. Metro. Gov't of Nashville & Davidson Cty., Tenn.*, 34 F.3d 345, 348 (6th Cir. 1994). Nor does plaintiffs' allegation of gross negligence. "The mere allegation of gross negligence – or the use in the pleadings of any other 'vituperative epithet,' for that matter – will avail the plaintiff nothing, of course, if the facts alleged are not sufficient to make out a constitutional violation." *Id.*, at 349. Even if the facts alleged demonstrated gross negligence, such an allegation "is not actionable under § 1983, because it is not 'arbitrary in the constitutional sense.'" *Id.*, quoting *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 129 (1992).

Plaintiffs also claim that Sabaugh and the other defendants are "further liable . . . for the individual actions of their employees based on the doctrine of *respondeat superior*." [R. 1, PgID 18]. But *respondeat superior* cannot be the basis for liability in a § 1983 action. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Plaintiffs attempt to establish a *Monell* claim based on "ineffective policies, procedures and customs; ineffective training, and . . . inadequate supervision of . . . employees." [R. 1, PgID 18]. But this amounts to no more than "threadbare

10

recitals of a cause of action's elements." *Iqbal*, 556 U.S. at 663. The facts pleaded by plaintiffs do not establish such liability. Plaintiffs have failed to state a claim against Sabaugh, and they have fallen well short of showing a violation of a clearly established constitutional right.

## IV.    CONCLUSION

For the reasons stated above, the Court finds that the claims against Sabaugh are barred by Eleventh Amendment immunity, absolute immunity, and qualified immunity, and **RECOMMENDS** that her motion to dismiss [R. 4] be **GRANTED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: July 26, 2016

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but

fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 26, 2016.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager

12