UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH and PAULA PHILLIPS,

      Plaintiffs,

                                Case No. 15-14082

v.                               Honorable Linda V. Parker

RANDALL S. MILLER & ASSOCIATES, et al.,

      Defendants.
_____/

## OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S JULY 26, 2016 REPORT AND RECOMMENDATION [ECF NO. 33] AND (2) GRANTING DEFENDANT SABAUGH'S MOTION TO DISMISS [ECF NO. 4]

On November 20, 2015, Plaintiffs Keith Phillips and Paula Phillips (collectively "Plaintiffs") commenced this civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Carmella Sabaugh.[1]  Plaintiffs allege that Defendant Sabaugh violated their Fourteenth Amendment right to due process by failing to serve a judgment of possession on them at their attorney's correct address in her role as Clerk of the Macomb County Circuit Court.  The Court will not repeat the procedural history of this case, as it is set forth in detail in Magistrate Judge Elizabeth A. Stafford's thorough report and recommendation dated July 26, 2016.

---

[1]  Plaintiffs have named numerous defendants in this litigation.  This Court will evaluate the merits of those claims at a later date.

On January 4, 2016, Defendant Sabaugh filed a motion to dismiss arguing that (1) Plaintiffs' claims are barred by the Eleventh Amendment; (2) Plaintiffs' claims also are barred by quasi-judicial immunity; and (3) Plaintiffs have failed to state a claim.  (ECF No. 4.)  On February 11, 2016, Plaintiffs filed a response brief opposing the motion to dismiss.[2]  (ECF No. 10.)  Defendant filed a reply brief in support of the motion to dismiss on February 25, 2016.  (ECF No. 13.)  This matter has been referred for all pretrial matters to Magistrate Judge Stafford.  (ECF No. 11.)

### Magistrate Judge Stafford's Report & Recommendation

On July 26, 2016, Magistrate Judge Stafford issued a Report & Recommendation ("R&R") in which she recommends that this Court grant Defendant Sabaugh's motion to dismiss.  (ECF No. 33.)

In the R&R, Magistrate Judge Stafford concludes that quasi-judicial immunity applied when Defendant Sabaugh conducted the "clerical function of serving papers" when she allegedly sent the judgment of possession to an incorrect address.  (*Id.* at Pg ID 582.)  Magistrate Judge Stafford also found that Defendant Sabaugh is entitled to qualified immunity because Plaintiffs failed to show that she violated a clearly established constitutional right.  (*Id.* at Pg ID 583-86.)  Because

---

[2] The Court notes that Plaintiffs' response to the motion to dismiss was not timely filed.  Plaintiffs' response to Defendant's motion to dismiss was due January 28, 2016.  It was filed on February 11, 2016.  (ECF No. 10.)  As a courtesy, this Court will accept as timely Plaintiffs' response to the motion to dismiss.

Plaintiffs failed to plead facts to establish liability, Magistrate Judge Stafford held that Plaintiffs failed to state a claim against Defendant Sabaugh.  (*Id.* at Pg ID 586.)

Plaintiffs argued that they intended to sue Defendant Sabaugh only in her individual capacity.  Magistrate Judge Stafford held that any claims against Defendant in her official capacity should be dismissed due to immunity granted to state officials under the Eleventh Amendment.  (*Id.* at Pg ID 580.)

Plaintiffs then argued that their claim against Defendant Sabaugh is not barred by quasi-judicial immunity because her action was purely ministerial.  (ECF No. 10 at Pg ID 283.)  Relying in part on *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994), Magistrate Judge Stafford held that the alleged failure of Defendant to send the notice to Plaintiffs' counsel correct address constitutes an action that is "integral or intertwined with the judicial process" and therefore, quasi-judicial immunity applies.  (ECF No. 33 at Pg ID 580-81, *quoting Bush*, 38 F.3d at 847.)

Finally, Plaintiffs argued that their claim against Defendant Sabaugh is not barred due to qualified immunity because of Defendant's alleged constitutional violation of lack of notice.  (ECF No. 10 at Pg ID 287.)  However, Magistrate Judge Stafford found that Plaintiffs failed to demonstrate that Defendant Sabaugh violated a clearly established constitutional right.  (ECF No. 33 at Pg ID 583.)

Magistrate Judge Stafford ultimately found that Plaintiffs failed to state a claim and therefore recommended that Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) be granted.  (ECF No. 33 at Pg ID 586.)

At the conclusion of her R&R, Magistrate Judge Stafford informs the parties that they must file any objections to the R&R within fourteen days.  (*Id.*)  Magistrate Judge Stafford further advises that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal."  (*Id.*, citations omitted.)  Plaintiffs filed their objection on August 12, 2016.  (ECF No. 39.)  Defendant filed a reply to the objection on August 24, 2016.  (ECF No. 42.)

## Standard of Review

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  The Court, however, "is not required to articulate all of the reasons it rejects a party's objections."  *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted).  A party's failure to file objections to certain conclusions to an R&R waives any further right to appeal on those issues.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Likewise, the failure to object to certain conclusions in the magistrate

judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## Analysis

### Objection 1

In their objections, Plaintiffs first contend that Magistrate Judge Stafford erred by barring the claim against Defendant Sabaugh under the Eleventh Amendment because immunity does not extend to county employees. (ECF No. 39 at Pg ID 673.) The question of whether Eleventh Amendment immunity applies to Defendant is meaningless here, where Plaintiffs alleged in their response to the motion to dismiss they are pursuing a claim against Defendant in her individual capacity, rather than official. (ECF No. 10 at Pg ID 275 ("…[N]owhere in the Complaint are any allegations made against Sabaugh in her official capacity. Rather, pursuant to 42 USC §1983 [sic] Sabaugh is being sued in her personal capacity and was described as the Macomb County Clerk – which is a position that she holds").)

In the alternative, if Plaintiffs were suing Defendant in her official capacity, they would be barred by the Eleventh Amendment because she was a state employee when she mailed the notice. Plaintiffs admit in their objection to the R&R that they presumed Defendant Sabaugh was a state employee in their response to the motion to dismiss. (ECF No. 39 at Pg ID 678 ("In fact, while

[Defendant] Sabaugh claimed to be a state official (and for purposes of a response to Sabaugh's motion Plaintiffs presumed that this was the case…").)  As Magistrate Judge Stafford stated in her R&R, "[a]bsent clear abrogation of a state's immunity pursuant to a valid exercise of power, a state may not be sued without its consent."  (ECF No. 33 at Pg ID 580.)

In arguing that Defendant is not entitled to Eleventh Amendment immunity in her official capacity, Plaintiffs rely solely on language from *Alkire v. Irving*, 330 F.3d 802 (6th Cir. 2003) to establish that Defendant is a county employee, rather than a state employee, and therefore not entitled to the protections of the Eleventh Amendment.  However, Plaintiffs mischaracterize the language of the opinion.  In *Alkire*, the Sixth Circuit stated that Eleventh Amendment immunity did not apply to a county; however, it did not rule on whether Eleventh Amendment immunity applied to a county *court*.  *Id.* at 811.  The Sixth Circuit remanded the case to the district court to determine whether Eleventh Amendment immunity did apply to the county court because further facts were required before a judgment could be entered.  *Id.* at 813.  Plaintiffs therefore failed to show that Defendant was not entitled to Eleventh Amendment immunity.

Plaintiffs' focus on Defendant's status as a county employee or state employee is misplaced.  Michigan courts are considered to be "one court of justice."  Mich. Const. art. VI, § 1; s*ee also Pucci v. Nineteenth District Court*, 628

F.3d 752, 762 (6th Cir. 2010); *Turppa v. County of Montmorency*, 710 F.Supp.2d 619, 620 (E.D. Mich. 2010) ("The judicial branch consists of 'one court of justice,' which is divided into a supreme court, court of appeals, circuit courts, probate courts, and other courts created by a two-thirds vote of the legislature.").  This includes Macomb County Circuit Court.

## Objection 2

Plaintiffs' next object to Magistrate Judge Stafford's conclusion that quasi-judicial immunity applies to Defendant's alleged mailing of the judgment of possession to an incorrect address.  (ECF No. 39 at Pg ID 673.)  Magistrate Judge Stafford relies in part on *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994), which states that "absolute judicial immunity has been extended to non-judicial officers who perform 'quasi-judicial' duties.  Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune."  *Id.*, (citations omitted.)

Plaintiffs argue that sending the judgment of possession is not an act related to judicial proceedings and therefore, Defendant should not have quasi-judicial immunity.  (ECF No. 39 at Pg ID 681.)  However, as Defendant states, the "act" in question was the mailing of a judicial opinion.   (ECF No. 42 at Pg ID 697.)  Therefore, this act was directly related to judicial proceedings and *Bush* applies.

## Objection 3

In their last objection to the R&R, Plaintiffs claim that Magistrate Judge Stafford erred in finding that Defendant is entitled to qualified immunity because Plaintiffs did not demonstrate that a clearly established constitutional right had been violated.  (ECF No. 39 at Pg ID 673.)  Plaintiffs incorrectly state in their objections to the R&R that their Complaint satisfies this requirement by stating their Fourteenth Amendment right to due process, including notice, was violated. Even in the objections to the R&R, Plaintiffs fail to cite any authority for the proposition that "having one's mail properly addressed by a clerk of the court is a clearly established [constitutional] right."  (ECF No. 33 at Pg ID 584).

## Summary

For these reasons, the Court rejects Plaintiffs' objections to Magistrate Judge Stafford's July 26, 2016 R&R and adopts the recommendations in the R&R.

Accordingly,

**IT IS ORDERED** that Defendant Sabaugh's motion to dismiss (ECF No. 4) is **GRANTED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 6, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 6, 2016, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager