UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH and PAULA PHILLIPS,

    Plaintiffs,

v.

Case No. 15-14082
Honorable Linda V. Parker

RANDALL S. MILLER & ASSOCIATES, et al.,

    Defendants.
_____/

**OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S JANUARY 10, 2017 REPORT AND RECOMMENDATION [ECF NO. 45] AND (2) GRANTING DEFENDANTS' RANDALL S. MILLER & ASSOCIATES P.C., MARLA A. SKELTIS, AND BANK OF AMERICA N.A.'S MOTIONS TO DISMISS [ECF NOS. 21, 22, 28]**

On November 20, 2015, Plaintiffs Keith Phillips and Paula Phillips (collectively "Plaintiffs") commenced this action based on the alleged wrongful foreclosure of their property located at 2401 Cardigan Court, Warren, Michigan 48091. (ECF No. 1.) The Court will not repeat the factual and procedural history of this case, as it is set forth in detail in Magistrate Judge Elizabeth A. Stafford's thorough Report & Recommendation ("R&R") dated January 10, 2017. Presently before the Court are the Miller Law Defendants and Defendant BOA separate motions to dismiss Plaintiffs' claims. (ECF Nos. 21, 22, 28.) The matter has been referred for all pretrial matters to Magistrate Judge Stafford. (ECF No. 11.)


Plaintiffs allege that Defendant Randall S. Miller & Associates P.C. and Defendant Marla A. Skeltis (hereinafter "Miller Law Defendants") violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by attempting to evict Plaintiffs from their home in violation of a stay to eviction proceedings.  (ECF No. 1.)  Plaintiffs contend that Defendant Bank of America ("BOA") is liable for breach of contract by breaching two agreements: (1) an agreement to stay eviction proceedings and (2) to convey the home to Plaintiff Keith Phillips.  (*Id.*)

## Magistrate Judge Stafford's Report & Recommendation

On January 10, 2017, Magistrate Judge Stafford issued a Report & Recommendation ("R&R") in which she recommends that this Court grant the motions to dismiss filed by the Miller Law Defendants and BOA.  (ECF No. 45 at Pg ID 738.)

In the R&R, Magistrate Judge Stafford first evaluates Plaintiffs' FDCPA claims against the Miller Law Defendants.  Plaintiffs argue that the Miller Law Defendants violated the FDCPA by attempting to collect a debt for Defendant BOA after there was a stay issued in eviction proceedings by the 37th District Court of Macomb County, Michigan.  (ECF No. 1 at Pg IDs 14-15.)  In their motion to dismiss, the Miller Law Defendants first contend that the claims based on their involvement in the mortgage foreclosure are barred due to the statute of

2

limitations.  (ECF No. 21-1 at Pg ID 354.)  Second, the Miller Law Defendants contend that the Plaintiffs' did not have a "debt" as defined by the FDCPA and therefore, Defendants could not have acted as a debt collector.  (*Id.* at Pg ID 355.)

Magistrate Judge Stafford agrees that the statute of limitations bars any claims based on the Miller Law Defendants' actions occurring before November 20, 2014—one year before this action commenced.  (ECF No. 45 at Pg ID 742-43.)  As to the actions that occurred within one year of filing suit, Magistrate Judge Stafford contends "there was no debt to be collected" because "post-foreclosure actions do not constitute attempts at debt collection."  (*Id.* at Pg ID 745.)  Plaintiffs' property was foreclosed upon and a sheriff's sale of the property occurred on June 15, 2012.  (ECF No. 1 at Pg ID 4; *see also* ECF No. 21-3.)

Magistrate Judge Stafford's R&R also addresses the breach of contract claims against Defendant BOA.  According to Plaintiffs, Defendant BOA should be held liable for breach of contract for two separate events.  The first alleged breach occurred when Defendant BOA breached the July 2013 stay order by obtaining an order for default judgment against Plaintiffs in October 2014.  (ECF No. 1, Page ID 4-5.)  The second alleged breach occurred during the course of emails discussing the prospect of settlement.  Defendant Skeltis sent an email on behalf of Defendant BOA offering to settle their claims by exchanging the property for its appraised value plus attorney's fees.  (*Id.* at Pg ID 8.)  Plaintiffs allege that

they accepted this offer through a reply email.  (*Id.* at Pg ID 8-9.)  In response to both alleged breaches of contract, Defendant BOA argues that first there was no contract and in the alternative, no contract was breached.  (ECF No. 28 at Pg ID 486-87.)

At the conclusion of her R&R, Magistrate Judge Stafford informs the parties that they must file any objections to the R&R within fourteen days.  (ECF No. 45 at Pg ID 749.)  Magistrate Judge Stafford further advises that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal."  (*Id.* at Pg ID 749-50, citations omitted.)  Plaintiffs filed their objections on January 24, 2017.  (ECF No. 47.)  The Miller Law Defendants and BOA did not file any objections or reply to Plaintiffs' objections.

## Standard

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  The Court, however, "is not required to articulate all of the reasons it rejects a party's objections."  *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted).  A party's failure to file objections to certain conclusions to an R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.

1987).  Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues.  *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## Analysis

### Plaintiffs' Objections

#### Objection 1

First, Plaintiffs argue that the R&R erred by finding that the Miller Law Defendants are not subject to the FDCPA.  According to Plaintiffs, Defendant BOA did not have any right to possession of the property on November 20, 2014, when they attempted to evict the Plaintiffs from their home.  (ECF No. 47 at Pg ID 759.)  By attempting to evict Plaintiffs, the Miller Law Defendants were allegedly acting as debt collectors under the FDCPA.  Plaintiffs argue that the term "debt collection" in the FDCPA also extends to post-foreclosure proceedings, such as eviction.  (*Id.* at Pg ID 762.)  As support for this interpretation, Plaintiffs direct the Court to *Glazer v. Chase Home Finance LLC* and the purpose of the FDCPA: "to eliminate abusive collection practices."  (*Id.* at Pg ID 762.)

In *Glazer v. Chase Home Finance LLC*, the Sixth Circuit determined that mortgage foreclosure is a debt under the FDCPA.  704 F.3d 453, 459 (6th Cir. 2013).  However, as noted by Magistrate Judge Stafford, the Sixth Circuit did not extend its holding to post-foreclosure actions and a close reading of the decision

5

demonstrates why. (*See* ECF No. 45 at Pg ID 743.) In reaching its holding, the *Glazer* Court found that "*every* mortgage foreclosure, judicial or otherwise, is undertaken for the very purpose of obtaining payment on the underlying debt, either by persuasion (*i.e.*, forcing a settlement) or compulsion (*i.e.*, obtaining a judgment of foreclosure, selling the home at auction, and applying the proceeds from the sale to pay down the outstanding debt)." *Glazer*, 704 F.3d at 461. Here, Plaintiffs acknowledge that their property was foreclosed and sold in a sheriff's sale on June 15, 2012. (ECF No. 1 at Pg ID 4; *see also* ECF No. 21-3.) After the sale, there was no existing debt for the Miller Law Defendants to seize in violation of the FDCPA. Therefore, the FDCPA claim against the Miller Law Defendants fails.

Plaintiffs also contend that the Miller Law Defendants "attempted to force Plaintiffs to make escrow payments to remain in the property" in the amount of $450. (ECF No. 27 at Pg ID 431.) Magistrate Judge Stafford both dismissed this claim because it was not properly pled in the complaint and countered Plaintiffs' assertion that the $450 escrow payments were "undisputed" between the parties by noting the Miller Law Defendants' contradictory facts. (ECF No. 45 at Pg ID 743.) In response to the R&R, Plaintiffs merely restate the arguments made in the opposition briefs to the motion to dismiss and fail to respond to the issues raised by

6

the magistrate judge. Therefore, this Court is dismissing the claim related to the escrow payments.

## Objection 2

In their second objection, Plaintiffs argue that Defendant BOA is liable for breach of contract arising from two events. First, Plaintiffs argue that Defendant BOA breached the stipulated stay order of July 2013 by obtaining an order for default judgment against Plaintiffs in October 2014. (ECF No. 1 at Pg ID 4-5.) In response, Defendant BOA contends that Plaintiffs are precluded from raising this claim and directs the Court to the default judgment granted by the 37th District Court of Macomb County, "a tacit recognition by the court that the stay was not violated and a final decision on its merits." (ECF No. 45 at Pg ID 747.)

Under the res judicata or claim preclusion doctrine, a claim is barred by prior litigation if the following elements are present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 577-79 (6th Cir. 2008) (citing *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997)). Magistrate Judge Stafford's R&R finds that the first three elements are met and this Court agrees. (ECF No. 45 at Pg ID 746.) The fourth

7

element, an "identity of claims," is met if "the claims arose out of the same transaction or series of transactions." *Winget*, 537 F.3d at 580 (internal quotation marks omitted). Here, both cases arise from the same set of facts. In this case, all four elements are present. Therefore, this Court agrees with Magistrate Judge Stafford's finding that Plaintiffs are barred from raising a breach of contract claim for an alleged violation of the stay order.

The second alleged contract at issue here is an email offering settlement of the claims by exchanging the property for its appraised value plus attorney's fees. (ECF No. 1 at Pg ID 8.) Plaintiffs claim they accepted the offer. (*Id.* at Pg ID 9.)

To establish a breach of contract in Michigan, Plaintiff must allege: (1) the existence of a valid contract, (2) establish the contract's terms, (3) present evidence of a breach of those terms, and (4) show an injury causally related to that breach. *Webster v. Edward D. Jones & Co.*, 197 F.3d 815, 819 (6th Cir. 1999). Here, the issue turns on whether a valid contract exists. Plaintiffs' complaint provides the text of the emails that allegedly demonstrate the offer and acceptance of the settlement by the parties. Based on a review of the emails, this Court finds there is no existing contract. As Magistrate Judge Stafford noted, the language in the email states that Defendant BOA "may be open to a settlement" and is willing "to explore" settlement discussions. (ECF No. 1 at Pg ID 8.) This email sent by counsel for Defendant BOA makes it clear that there was no offer with concrete

8

terms on the table. Because there was no offer, there cannot be a valid acceptance. This Court therefore finds that there is no existing contract and breach of contract claims against Defendant BOA must be dismissed.

## Conclusion

For these reasons, the Court rejects Plaintiffs' objections to Magistrate Judge Stafford's January 10, 2017 R&R and adopts the recommendations in the R&R.

Accordingly,

**IT IS ORDERED** that Defendants' Randall S. Miller & Associates P.C., Marla A. Skeltis, and Bank of America N.A.'s motions to dismiss (ECF Nos. 21, 22, and 28) are **GRANTED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 16, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 16, 2017, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager